# STATE OF VERMONT

SUPERIOR COURT ENVIRONMENTAL DIVISION

Docket No. 54-5-17 Vtec

---

### Comtuck LLC East Tract Act 250 JO Appeal

---

## ENTRY REGARDING MOTION

Title:        Motion for Reconsideration (Motion 12)

Filer:        Comtuck, LLC

Attorney:    Jon T. Anderson

Filed Date:  November 16, 2018

Response in Opposition filed on 11/30/2018 by Attorneys Elizabeth Lord, Catherine Gjessing, and Gregory J. Boulbol for the Vermont Interested Persons Natural Resources Board and the Vermont Agency of Natural Resources

Reply filed on 12/11/2018 by Attorney Jon T. Anderson for Appellant Comtuck, LLC

**The motion is GRANTED IN PART and DENIED IN PART.**

Comtuck, LLC ("Comtuck") appeals Jurisdictional Opinion #2-305 ("JO") issued by the District #2 Environmental Commission Coordinator ("District Coordinator") in response to a request submitted by Comtuck. In our ruling on the parties' cross-motions for summary judgment, the Court disposed of the matter in a November 2, 2018 decision. The decision concluded, generally, that Comtuck proposed a material change to a previously permitted project which potentially impacted criteria enumerated in the parcel's umbrella permit ("the 1985 Permit").[1] Therefore, it was required to seek additional approvals for the project as currently proposed and present evidence on all Act 250 criteria. Comtuck presently seeks reconsideration of that decision.

Pursuant to V.R.C.P. Rule 59(e), the Court has broad power to alter or amend a previous judgment. In re SP Land Co., LLC, 2001 VT 104, ¶ 16, 190 Vt. 418 (citation omitted). The Court can respond to a Rule 59(e) motion by "revis[ing] its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). However, granting a motion to reconsider is an "extraordinary remedy" that should be used sparingly. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug.

---

[1] This project has a very lengthy permitting history. For a detailed record of this, please refer to our accompanying Revised Decision on Motions.

17, 2012) (Walsh, J.); In re Bouldin Camp – Nobel Rd., No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.).

We have identified four reasons for this Court to grant a Rule 59(e) motion: "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d Ed. 1995). Importantly, Rule 59(e) does not provide parties with the opportunity to relitigate matters already decided by this Court. S. Vill. Communities, LLC, No. 74-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (quoting Wright et al., supra, § 2810.1).

Comtuck presents essentially two arguments supporting its motion. First, it asserts that the 1985 Permit can only be reopened if Comtuck proposes a material change to the originally permitted project affecting the criteria resolved in that decision. Therefore, it argues that because it is not proposing to develop new land or to make a material change to the previously permitted project that would affect any criteria resolved by the 1985 Permit, it should not be required to present any evidence on criteria resolved by that permit.

Based upon the factual representations and legal arguments previously presented, we reached the exact opposite conclusions that Comtuck now suggests. In our November 2, 2018 decision, we concluded that Comtuck proposes a material change to the previously permitted project. In re Comtuck, LLC E. Tract Act 250 JO Appeal, No. 54-5-17 Vtec, slip op. at 13 (Vt. Super. Ct. Envtl. Div. Nov. 2, 2018) (Durkin, J.). We further concluded that the project was "wholly different than that originally proposed and permitted" project and "has the potential to impact many of the Act 250 criteria, including those enumerated in the 1985 Permit." Id. at 14. Therefore, we concluded that, should Comtuck seek to develop the project as now proposed, it must submit a permit amendment application and the criteria enumerated in the 1985 Permit may be addressed. Id.

Comtuck's motion in this respect seeks to merely relitigate these two conclusions by contesting that the present proposal does not represent a material change generally and does not reflect a material change that has the potential to affect the criteria enumerated in the 1985 Permit such that evidence must be presented on these issues. These attempts to relitigate issues already addressed by the Court are precisely the types of arguments that are not grounds for the Court to grant a motion to reconsider. As such, we decline to reconsider these conclusions and **DENY** Comtuck's motion in this respect.

Comtuck further asserts that it does not propose to change the access road to the project and the Court's inclusion of this fact in its decision is in error. In their reply in opposition ANR and NRB stated that they had no reason to contest the accuracy of this statement. Because of this, we **GRANT** Comtuck's motion to alter the decision for the limited purpose of striking references to the change in access from our decision to protect the parties from the unjust operation of the record.

We note, however, that even with this language stricken, our legal overall conclusions remain unchanged.  This is because of other project changes that we have concluded are material, such as the new lot configurations and the siting of on-site water supply and wastewater facilities.  Therefore, we **DENY** Comtuck's motion to revisit these conclusions even in granting its motion in this limited respect.

The Court hereby strikes the following language:

1. On page 3, we strike from Fact #6 the language beginning with "Comtuck also proposes to change" and ending with "opposite side of the proposed development."
2. On page 10, we strike from the last sentence in the first paragraph: "a new access road and."
3. On page 12, we strike the language beginning with "The new proposal also seeks" and ending with "Comtuck has thus far disclosed."
4. On page 12 we strike the language "neither . . . nor the new access was."  The sentence is rewritten as "The new lot reconfigurations were not disclosed or contemplated during the original permit proceedings."
5. On page 12, we strike the language "a newly proposed access road."
6. On page 12, we strike the language "nor a different access."
7. On page 14, we strike the language "change the East Tract's access road."

All other aspects of our decision remain unchanged.  A Revised Decision on Motions and Revised Judgment Order accompanies this Entry Order.

**So Ordered.**

Electronically signed on March 29, 2019 at 02:22 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Jon T. Anderson (ERN 1856), Attorney for Appellant Comtuck, LLC
Elizabeth Lord (ERN 4256) and Catherine Gjessing (ERN 4310), Attorneys for
   the Interested Person Vermont Agency of Natural Resources
Edward G. Adrian (ERN 4428), Attorney for Interested Person Town of Wilmington
Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Interested Person Natural Resources Board
Interested Persons Michael P. and Kirby
Interested Person Mary Ann Kirby
Interested Person Renato Grella
Interested Person Richard M. Arsenault
Interested Person Stephanie R. Arsenault

Interested Person Dennis R. Johnson
Interested Person Laurette Wanko
Interested Person Steven L. Bate
Interested Person Daniel J. Fitzgerald
Interested Person Alexandra Fitzgerald
Interested Person Donna Fitzgerald
Interested Person Kathryn Palmesi
Interested Person Edward Greco
Interested Person Mindy Lissner
Interested Person Edwin F. Collins
Interested Person Mary E. Krieg
Interested Person Brett W. and Flodine
Interested Person Linda C. Flodine
Interested Person Meredith Musick
Interested Person Monet E. Bossert